**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

v.                                              **18-CR-227V**

**AMY DEAN,**

                **Defendant.**

_____

### REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

### PRELIMINARY STATEMENT

The defendant, Amy Dean ("the defendant"), is charged, along with a co-defendant, with having violated Title 18 U.S.C. §§ 1513(f) and 1513(b).  Dkt. #1.  She filed a motion seeking to suppress use of statements allegedly made by her on November 21, 2018 as well as evidence obtained from the search of certain cell phones.  However, the motion to suppress was not supported by an affidavit made by the defendant or anyone else having personal knowledge of the facts and circumstances upon which the motion to suppress is based.  All that was submitted in support of the motion was an affidavit from defendant's then attorney, David R. Addelman.  Dkt. #48.

On May 8, 2019, the defendant filed an affirmation by her in support of her motion to suppress evidence. Dkt. #56. Because of medical circumstances, the defendant's assigned counsel had to be relieved from further representation of the defendant and new counsel was assigned to represent the defendant on May 30, 2019.

On July 24, 2019, this Court directed counsel for the defendant and the defendant to file a supplemental affirmation by the defendant in support of her motion to suppress evidence since the Court considered her affirmation filed May 8, 2019 to be insufficient to warrant a suppression hearing on her motion to suppress evidence. The defendant was given until July 31, 2019 for the purpose of filing such supplemental affirmation. On August 1, 2019, this Court was advised by defense counsel that the defendant would not be filing a supplemental affirmation and that she was relying on her affirmation filed on May 8, 2019 in support of her motion to suppress evidence and the holding of an evidentiary hearing.

## DISCUSSION AND ANALYSIS

In her affirmation of May 8, 2019 in support of her motion seeking to suppress evidence and require the holding of an evidentiary hearing, the defendant merely asserts that she "do[es] not recall being advised of a right to remain silent or to refuse to answer questions;" nor "do[es] [she] recall being advised that [she] had a right

to an attorney if [she] could not afford one." Dkt. #56, p. 1, ¶ 5. As to the search of cell phones, the defendant claims that "agents rounded up the cell phones in the residence and demanded that we identify who owns which cell phone" and that the "agents then began reviewing the contents of the phones." Dkt. #56, p. 2, ¶ 6. Lastly, the defendant claims that "under the circumstances described, [she] [did] not feel that [she] was free to refuse to answer the questions asked." Dkt. #56, p. 2, ¶ 8. These allegations of the defendant are not enough to warrant the holding of an evidentiary hearing as to whether the alleged statement by her and evidence seized from certain cell phones should be suppressed. "Airy generalities, conclusory assertions and inadmissible evidence" are "insufficient to create a genuine issue of fact necessitating an evidentiary hearing." *United States v. Aiello*, 814 F.2d 109, 113-114 (2d Cir. 1987); *United States v. Solano*, 300 Fed. Appx. 83, 85 (2d Cir. 2008); s*ee also United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992).

The fact that the defendant "does not recall" being given *Miranda* warnings[1] and advice of rights does not mean that a factual issue dispute exists that mandates an evidentiary hearing. In its response to the defendant's suppression motion, the government has submitted Exhibit A which appears to be a copy of a "New York State Police Miranda Warning" card and represents that the signature that appears to the left of the card is that of the defendant which she wrote in acknowledging that the *Miranda* warnings and advice of rights were given to her on November 16,

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2018.  Dkt. #s 68-1, 68, p. 6.

As to the alleged search of cell phones, the defendant has not presented anything to establish or indicate that any of the cell phones were hers or that she had a reasonable expectation of privacy as to the contents of said phones thereby creating a Fourth Amendment right covering the phones in question.   Further, the government, in its response to the defendant's motion to suppress, has submitted Exhibit B which appears to be a "Department of Justice, Federal Bureau of Investigation Consent to Search" form which the government states was signed by the defendant wherein and whereby she consented to a search of a particular cell phone described therein and also acknowledged her right to refuse to consent to such a search.   Dkt. #s 68-2, 68, pp. 6-7.

The attorney's affidavit filed on behalf of he defendant in support of her motion seeking suppression of evidence does not satisfy the requirements for an evidentiary hearing.

> In order to warrant a suppression hearing, the defendant must demonstrate a specific factual dispute that can be resolved by a hearing.  *See United States v. Mathurin,* 148 F.3d 68 (2d Cir. 1998) (evidentiary hearing required where defendant averred that he was never given *Miranda* warnings); *United States v. Richardson,* 837 F. Supp. 570 (S.D.N.Y. 1993) (evidentiary hearing not required where defendant failed to make specific factual allegations of illegality based upon personal knowledge but defense

> counsel merely alleged that defendant did not knowingly waive his rights before answering questions); *United States v. Ahmad*, 992 F. Supp. 682, 685 (S.D.N.Y. 1998) (affidavit of defense counsel seeking suppression of custodial statements for failure to provide *Miranda* warnings insufficient to warrant evidentiary hearing or suppression); *United States v. Caruso*, 684 F. Supp. 84, 87 (S.D.N.Y. 1988) ("without a supporting affidavit of someone with personal knowledge of the underlying facts, the court need not resolve factual disputes that may be presented by the moving papers."). Indeed, the defendant's papers must raise a "sufficiently definite, specific, detailed, and nonconjectural" factual basis for the motion in order to require a hearing.

*United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992).

Since the defendant has failed to properly raise a factual basis to mandate the holding of an evidentiary hearing on whether the use of her alleged statements and evidence seized from certain cell phones should be suppressed, it is recommended that her motion be denied in all respects.

It is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this

Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report,**

**Recommendation and Order), may result in the District Judge's refusal to consider the objection.**


DATED:	Buffalo, New York
	September 4, 2019

					*S/ H. Kenneth Schroeder, Jr.*
					**H. KENNETH SCHROEDER, JR.**
					**United States Magistrate Judge**