UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

AMY DEAN,

    Defendant.

18-CR-227
DECISION AND ORDER

  The defendant, Amy Dean, is charged with conspiring to retaliate against a person for giving information relating to the commission, and possible commission, of a federal offense, and conspiring to take action harmful to any person for providing truthful information to a law enforcement officer relating to the commission of a federal offense, in violation of 18 U.S.C. § 1513(f) (Count 1); retaliating against and causing bodily injury to "Individual A" for giving information relating to the commission of a federal offense, in violation of 18 U.S.C. §§ 1513(b)(2) and 2 (Count 2); and taking action harmful to "Individual A" for providing truthful information to a law enforcement officer relating to the commission of a federal offense, in violation of 18 U.S.C. §§ 1513(e) and 2 (Count 3). *See* Docket Item 1.

  On April 5, 2019, Dean moved to suppress her statements and evidence obtained from the search of certain cell phones. *See* Docket Item 48. On May 8, 2019, Dean filed an affidavit in support of her motion to suppress. *See* Docket Item 56. On July 5, 2019, the government responded to the defendant's motion. *See* Docket Item 68.

On September 4, 2019, Magistrate Judge H. Kenneth Schroeder, Jr., issued a Report, Recommendation and Order ("RR&O"), recommending the denial of Dean's motion to suppress. *See* Docket Item 69. With respect to Dean's statements, Judge Schroeder found that Dean's assertion in her affidavit that she could not recall being given *Miranda* warnings and advice of rights did not create a factual dispute "that mandates an evidentiary hearing." Docket Item 69 at 3. Judge Schroeder also noted that in its opposition to the motion, the government submitted "Exhibit A which appears to be a copy of a 'New York State Police Miranda Warning' card and represents that the signature that appears to the left of the card is that of the defendant which she wrote in acknowledging that the *Miranda* warnings and advice of rights were given to her on November 16, 2018." *Id*. at 3-4.

As to Dean's motion to suppress the evidence obtained from the cell phones, Judge Schroeder found that Dean did not demonstrate, by affidavit or otherwise, that any of the cell phones were hers or that she had a reasonable expectation of privacy in the contents of the phones. *Id*. at 4. Therefore, Judge Schroeder concluded that Dean had not established a Fourth Amendment right as to the cell phones or their contents. *Id.* Moreover, Judge Schroeder observed that in its opposition to the motion to suppress cell phone evidence, the government submitted "Exhibit B which appears to be a 'Department of Justice, Federal Bureau of Investigation Consent to Search' form which the government states was signed by the defendant wherein and whereby she consented to a search of a particular cell phone described therein and also acknowledged her right to refuse to consent to such a search." *Id*. at 4.

Dean did not object to Judge Schroeder's RR&O, and the time to object now has expired. For that reason, Dean has waived her right to have the RR&O reviewed. *See* Fed. R. Crim. P. 59(b)(2) ("Failure to object in accordance with this rule waives a party's right to review.").

Nevertheless, in its discretion, this Court has carefully reviewed the RR&O. Docket Item 69. Based on that review and the absence of any objection, and for the reasons stated above and in the RR&O, this Court adopts the RR&O in its entirety. Dean's motion to suppress her statements and cell phone evidence is DENIED.

SO ORDERED.

Dated: September 30, 2019
Buffalo, New York

*s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE